UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD LEE CARTER,

    Petitioner,

v.

                              Case No. 13-cv-11248
                              Hon. Matthew F. Leitman

DUNCAN MacLAREN,

    Respondent.

_____/

**OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S [12] REPORT AND RECOMMENDATION, OVERRULING PETITIONER'S [14], [15] OBJECTIONS TO THE REPORT AND RECOMMENDATION, DENYING THE [1] PETITION FOR WRIT OF HABEAS CORPUS, AND <u>DENYING A CERTIFICATE OF APPEALABILITY</u>**

## <u>Background</u>

Petitioner Richard Lee Carter ("Carter") is serving a sentence of 30-50 years in a Michigan state prison as a result of his 1988 state-court conviction for second-degree murder. The jury found that Carter, while incarcerated at a state prison in Jackson, Michigan, fatally stabbed Robert Chambers ("Chambers"), another inmate at the prison.

Carter's conviction rested on the preliminary examination testimony of Wendall Davis ("Davis"), yet another inmate in the state prison at the time of the killing. Davis testified at the exam that he saw Carter and Michael Kemp

1

("Kemp"), one more inmate, attack Chambers, and that he saw Carter stab Chambers several times.

Before the prosecution called Davis as a witness at the exam, the Michigan State Police administered a polygraph examination. The examiner asked Davis if he saw "Carter stab Chambers." (ECF #11-8, Pg. ID 426.) Davis answered, "Yes." (*Id*.) The examiner concluded that Davis "told the truth with his answers…." (*Id*.)

Davis was called as a prosecution witness at trial, but he invoked the Fifth Amendment and declined to testify. (Trial Tr. at 167; ECF #17-2 at Pg. ID 1102.) The prosecution then moved to admit his preliminary exam testimony into the record. The trial court expressed some concern about whether Davis had a legitimate basis on which to invoke the Fifth Amendment. But the court determined that Davis was plainly unwilling to testify; that the court could not compel him to do so; and that he was thus unavailable. (*Id.* at 167-174; ECF #17-2 at Pg. ID 1102-1109.) On that basis, the court granted the motion to admit Davis' exam testimony.

The prosecution acknowledged that Davis' testimony was essential to its case, telling the jury in closing, "you have to rely upon that testimony of Mr. Davis in order to return your verdict of guilty" because "he is the only witness who identified Kemp and Carter as the persons who committed this offense." (*Id.* at 455; ECF #17-3 at Pg. ID 1391.) While Davis' testimony was the prosecution's

most important evidence, it was not the only evidence of Carter's guilt. For instance, other witnesses testified about conversations and actions before and after the stabbing that inferentially supported the prosecution's theory of the case.

Davis has now apparently executed an affidavit, dated July 13, 2011, in which he recants his preliminary examination testimony (the "Davis Affidavit"). Davis says that he "made the entire scenario up about seeing Carter and Kemp committing the homicide…." (ECF #1 at 38, Pg. ID 38.) Davis insists that he told the investigating officer what he "wanted to hear" because the officer said he (the officer) could "get me a transfer from Jackson State Prison to a Camp Program…." (*Id.* at ¶4a.) Davis also now claims that he was "High on Valiums" at the time he answered the investigating officer's questions. (*Id.* at ¶4c.)

The Petition, which was referred to Magistrate Judge Paul Komives (the "Magistrate Judge"), raises three claims, all of which relate to the Davis Affidavit. As reported by the Magistrate Judge, the claims are as follows:

> I. WAS PETITIONER DEPRIVED OF HIS FOURTEENTH AMENDMENT CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW WHERE HIS CONVICTION RESULTED FROM A FRAUD PERPETRATED UPON THE COURT BY THE COUNTY ASSISTANT PROSECUTOR IN VIOLATION OF THE US AND STATE CONSTITUTIONS REQUIRING A NEW TRIAL?
>
> II. IS PETITIONER BEING SUBJECTED TO A VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENT[S] TO THE US CONSTITUTION WHERE HE IS ENTITLED TO A NEW TRIAL ON NEWLY DISCOVERED EVIDENCE WHICH DEMONSTRATES HIS ACTUAL INNOCENCE AND THAT HIS CONVICTION RESTS ON A FRAUD UPON THE COURT,

3

> AND BUT FOR THE FRAUD NO EVIDENCE EXISTED TO CONVICT HIM ENTITLING HIM TO BE RELEASE[D] FROM CUSTODY?
>
> III. WHETHER PETITIONER IS ENTITLED TO BE DISCHARGED FROM CUSTODY WHERE NEWLY DISCOVERED EVIDENCE ESTABLISHING HIS ACTUAL INNOCENCE DEMONSTRATED TO CONTINUE [TO] CONFINE HIM CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT AFTER REVIEWING THE EVIDENCE NOT SUBMITTED TO THE JURY[.]

In a thorough Report and Recommendation dated February 4, 2014, and attached hereto (the "R & R"), the Magistrate Judge recommends denying the petition and denying a Certificate of Appealability. The Magistrate Judge concluded that Carter's claims are barred by the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. §2244(d), because they were not filed within one year of AEDPA's enactment. In addition, the Magistrate Judge found that Carter's claims fail on the merits.

Carter has filed objections to the R & R. The Court now overrules the objections, adopts the R & R, denies Carter's Petition, and declines to grant a Certificate of Appealability.

## **Analysis**

Carter first objects to the Magistrate Judge's conclusion that the Petition is barred by AEDPA's one-year statute of limitations. Carter argues that he has presented new evidence of "actual innocence" – i.e., the Davis Affidavit – and that under *McQuiggan v. Perkins*, 133 S.C.t. 1924, 1928 (2013), this new evidence

4

allows consideration of his claims despite the expiration of the limitations period.

The Court agrees with the Magistrate Judge that the Davis Affidavit is not sufficient to warrant application of the "actual innocence" exception recognized in *McQuiggan*. As the Magistrate Judge correctly noted, the United States Court of Appeals for the Sixth Circuit has cautioned that recanting affidavits, like the one from Davis, "are always viewed with 'extreme suspicion.'" *Matthews v. Ishee*, 486 F.3d 883, 895 (6th Cir. 2007) (quoting *United States v. Chambers*, 944 F.2d 1253, 1264 (6th Cir. 1991)). And, quite simply, Carter has not overcome this "extreme suspicion." Davis passed a polygraph examination in which he said that he *did* see the stabbing, and he maintained that position while he was testifying under oath and was subject to cross-examination at the preliminary examination. The Court does not believe that Davis' current insistence that he did not see the stabbing is entitled to any more weight than his prior polygraph-tested claim that he did see it. Thus, the Court does not believe that the Davis Affidavit is sufficient to support a finding of actual innocence and it does not entitle Carter to avoid application of the statute of limitations.

Carter further argues that the polygraph "actually corroborates the Davis recantation" (ECF #14 at 1, Pg. ID 915), but this is not a fair reading of the test results. Carter notes that during the pre-interview portion of the polygraph test (i.e., before Davis was actually connected to the machine), Davis told the examiner

that "he was in his cell [when he] watched two inmates attack the victim." (ECF #11-8, Pg. ID 426.) Carter then insists that if Davis was truly in his cell at the time of the attack, as he told the polygraph examiner before the exam started, then Davis could not, in fact, have seen the attack – which is exactly what Davis says in his recanting affidavit. So, Carter says, the polygraph test results are consistent with the Davis Affidavit. The problem for Carter is that when Davis was actually connected to the polygraph machine, he was specifically asked whether he saw Carter stab Chambers; he answered "yes;" and that answer was deemed truthful. There is no fair reading of the polygraph results that renders those results consistent with the essential point of Davis' new affidavit – i.e., that he did not see the stabbing.

Carter also objects that the Magistrate Judge failed to recognize his entitlement to relief under the rule in *Napue v. Illinois*, 360 U.S. 264 (1959), that a prosecutor may not knowingly use perjured testimony to secure a conviction. (ECF #15 at 2, Pg. ID 919.) Carter says that the Davis Affidavit proves that the prosecution intentionally presented false inculpatory testimony from Davis. The Court disagrees. The Davis Affidavit contains vague statements that Davis told the investigating officer "what he wanted to hear" and that the officer said that he (the officer) could arrange a transfer for Davis, but that falls far short of showing that the officer or the prosecutor intentionally suborned perjury. Moreover, before

presenting Davis' testimony, the prosecution had him take and pass a polygraph test. That goes a long way toward negating any claim that the prosecution knew Davis was lying and presented his testimony anyway.

Carter additionally seems to object on the ground that his purported showing of actual innocence – in addition to being a ground for avoiding the statute of limitations – entitles him to release from custody. But, as the Magistrate Judge properly concluded, outside of the death penalty context, the Supreme Court has not recognized "actual innocence" as a substantive ground for habeas relief. (*See* R & R at 15.) Thus, AEDPA would bar relief on Carter's substantive "actual innocence" claim even if he had established such innocence – and, as described above, he has not.

Carter further objects that admission of Davis' testimony violated the Confrontation Clause. However, as the Magistrate Judge correctly concluded, under the then-controlling decision of *Ohio v. Roberts*, 448 U.S. 56 (1980) – against which Carter's Confrontation Clause claim must be judged in this habeas context – Davis' testimony was plainly admissible because it fell within a firmly-rooted hearsay exception. (*See* R & R at 12-14.) Moreover, the Court has carefully reviewed Davis' preliminary examination testimony (as read to the jury at trial), and the Court is satisfied that Carter had a sufficient opportunity to cross-examine Davis at the exam. While the cross-examination may not have been as detailed or

lengthy as may have been expected at trial (and after defense counsel had had additional time to review evidence and prepare), the questioning by Carter's counsel and counsel for Carter's co-defendant was reasonably wide-ranging under the circumstances and reasonably effective. Indeed, the cross-examination drew several objections from the prosecution which believed that defense counsel was going too far afield. The district court overruled some of those objections and did not unduly inhibit the questioning by defense counsel at the examination.

In connection with his Confrontation Clause objection, Carter also suggests that the prosecution committed a "fraud" on the state court, thus entitling him to relief, when, according to Carter, the prosecution falsely told the state court that it did not have advance knowledge that Davis would assert his Fifth Amendment rights when called before the jury. But the Magistrate Judge correctly noted that the advance-knowledge issue has nothing to do with whether Davis' former testimony was admissible. The admissibility turned on whether Davis was truly unavailable. (*See* R & R at 11-13.) Thus, whether the prosecution committed the particular "fraud" alleged by Carter is immaterial to Carter's current constitutional claims and does not provide him grounds for the relief he seeks.

Next, Carter argues that under *Townsend v. Sain*, 372 U.S. 293 (1963), he is entitled to an evidentiary hearing on his actual innocence claim. But Carter has not shown that he has satisfied the requirements of 28 U.S.C. §2254(e)(2) to warrant

8

an evidentiary hearing. Nor has he established his entitlement to such a hearing in *Townsend*. He simply quotes from *Townsend* and says he has a right to a hearing. That is not sufficient.

Finally, for the reasons set forth in the R & R, the Court concludes that Carter is not entitled to a Certificate of Appealability.

Therefore, **IT IS HEREBY ORDERED THAT**:

1. Carter's objections to the R & R are overruled;

2. The R & R is accepted and adopted;

3. The Petition is denied; and

4. No Certificate of Appealability shall issue.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: June 2, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 2, 2014, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113